Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| FANNIE MAE<br><br>Recurrida<br><br>v.<br><br>MANUEL RAMOS VILLANUEVA, GLORIA REYES RODRÍGUEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionaria | KLCE202500146 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.:<br>D CD2009-4309<br><br>Sobre:<br>Cobro de Dinero Ejecución de Hipoteca por la vía ordinaria |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de marzo de 2025.

El 13 de febrero del año en curso, Manuel Ramos Villanueva, Gloria Reyes Rodríguez y la Sociedad Legal de Gananciales por ambos compuesta (en adelante, la parte peticionaria) presentó ante este Tribunal de Apelaciones una *Petición de Certiorari*. Allí, nos solicitan la revocación de la *Orden* emitida el 10 de enero de 2025, y notificada el día 22, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI).[1] Ese mismo día, sometió una *Moción en Auxilio de Jurisdicción* en la que nos solicitó que ordenáramos la paralización del retiro de fondos consignados impugnada. [2]

Evaluados los argumentos sometidos por el peticionario, adelantamos que hemos resuelto denegar la expedición del auto de *certiorari*.

---

[1] De esta determinación la parte peticionaria instó *Reconsideración* el 23 de enero de 2025 que fue declarada No Ha Lugar mediante *Orden* del 11 de enero de 2025.
[2] El 13 de febrero de 2025, emitimos *Resolución* declarando este escrito Con Lugar y consecuentemente, ordenamos la paralización del retiro de los fondos.

Número Identificador

RES2025 _____

**-I-**

Para atender adecuadamente la controversia planteada ante nos, es importante conocer que el pleito de epígrafe comenzó el 22 de enero de 2009, mediante la presentación por parte de Federal National Mortgage Association t/c/c Fannie Mae (en adelante, la parte recurrida o Fannie Mae) de una demanda en cobro de dinero y ejecución de hipoteca contra la parte peticionaria. Igual de significativo es que a dicha parte se le anotó la rebeldía, consecuentemente dictándose *Sentencia en Rebeldía* en su contra el 28 de agosto de 2010. En esta, se le condenó a pagar:

> "$228,244.24 en principal, más los intereses al 5.750% anual desde el día de julio de 2009, así como los intereses acumulados y por acumularse a partir de esa fecha y hasta el total y completo repago de la deuda; cargos por demora equivalentes al 5.000% de todos aquellos pagos con atrasos en exceso de 15 días calendarios de la fecha de vencimiento hasta el total y completo repago de la deuda; los créditos accesorios y adelantes hechos en virtud de la escritura de hipoteca; $25,100.00 para el pago de costas, gastos y honorarios de abogado como suma pactada a dichos efectos en el pagaré; $25,100.00 para cubrir cualquier otro adelante que se [haga] en virtud de la escritura de hipoteca y una suma equivalente a $25,100.00 para cubrir los intereses en adición a los garantizados por ley; más intereses provistos por la Regla 44.3 de las de Procedimiento Civil."

El 25 de marzo de 2011, la parte peticionaria sometió una *Moción de Consignación*. Allí, informó haber recibido devueltos varios pagos que efectuó a favor de Doral Bank en pago de la hipoteca objeto del pleito y solicitó autorización del tribunal para consignar las cantidades devueltas.[3] No existe controversia alguna en cuanto a que la parte peticionaria consignó dinero adicional por la misma razón.

Así las cosas, el 13 de marzo de 2023, la parte peticionaria solicitó urgentemente el retiro de los fondos que hasta esa fecha había consignado, que sumaban $47,0411.63. Al oponerse a dicho escrito, Fannie Mae adujo

---

[3] En el párrafo 8 de su escrito, indicó que "siempre ha actuado de buena fe y ha efectuado los pagos relacionados a su préstamo hipotecario con el banco Doral Bank, y prueba adicional de ello es que va a consignar ante este Honorable Tribunal las sumas devueltas por el banco Doral Bank en; y a tales fines se solicita que el Honorable Tribunal permita y acepte la presente consignación a todos los fines legales pertinentes. Dicha consignación consiste en tres cheques de gerente a nombre del secretario del tribunal por las sumas de $9,182.82, $1,530.47 y $1,530.47."

ser la parte legitimada para recibir los fondos consignados, pues existía una sentencia final y firme a su favor. Asimismo, reclamó entre varias cosas, que el dinero consignado se hizo en abono al pago de la hipoteca; que la sentencia dictada en su día era por una suma mayor a la consignada por la parte peticionaria, por lo que no quedaba relevada de su obligación; y que el tribunal ya había autorizado la ejecución de la sentencia. Posteriormente, el 1ro de agosto de 2024, la parte recurrida presentó una *Moción en Solicitud de Retiro de Fondos*. Allí, reiteró que, por las razones brindadas al oponerse al retiro de fondos de la parte peticionaria, procedía que se autorizara el retiro de los fondos consignados a su favor. El 11 de diciembre de 2024, el TPI autorizó el retiro de los fondos en favor de Fannie Mae.

El 7 de enero de 2025, la parte peticionaria sometió *Solicitud Urgente de Paralización de Retiro de Fondos*. En esta, reclamó que Fannie Mae no tenía derecho a retirar los fondos pues no le pertenecían y que dicho asunto era cosa juzgada, pues ya en el pleito se le había denegado una similar petición. A su vez, afirmó que en todo momento ha negado validez a la sentencia por falta de jurisdicción, así como la existencia de una deuda. El 10 de enero de ese año el TPI denegó la paralización del retiro de los fondos. En desacuerdo, la parte peticionaria solicitó reconsideración. Habiéndose opuesto la parte recurrida a este escrito, el TPI se negó a reconsideración.

Inconforme aun, la parte recurrida sometió el recurso de epígrafe en el que señaló que el TPI se equivocó "al ordenar el retiro de los fondos consignados a favor de la parte demandante recurrida en el estado procesal del caso". Ese mismo día, también sometió *Moción en Auxilio de Jurisdicción*. Atendido el recurso y este escrito, el 13 de febrero de 2025, emitimos una *Resolución* en la que declaramos la petición de auxilio y ordenamos la paralización del retiro de los fondos. Asimismo, concedimos un plazo de 5 días para que la parte recurrida sometiera su posición. En cumplimiento

con ello, el 20 de febrero de 2025, esta sometió su *Oposición a Que se Expida Certiorari Civil.*

**-II-**

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros. La característica distintiva del recurso de certiorari descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular vs. Gómez Alayón, 2023 TSPR 145, 213 ___ y casos allí citados. Empero, el ejercicio de la discreción concedida no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho. *Íd.* Esta, no opera en un vacío y tampoco puede ser en "función del antojo o voluntad de uno, sin tasa ni limitación alguna". *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a la pág. 207-208. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos

revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.* (Énfasis nuestro).

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. 800 Ponce de León v. AIG, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).

**-III-**

Por virtud del recurso de epígrafe, la parte peticionaria reclama que el foro primario erró al no ordenar la paralización del retiro de los fondos que en su día consignó en el caso. A tales efectos, sostiene que la parte recurrida no tiene derecho a recibir el dinero consignado. Así, señala que, según surge de los distintos escritos de consignación, el capital depositado fue en calidad de pago de las mensualidades de la hipoteca que transcurrían

y vencían mientras atacaba la sentencia en rebeldía dictada en el caso. Por ello, afirmó que, toda vez que la recurrida logró ejecutar la sentencia dictada a su favor, vendiéndose la propiedad en venta judicial, esta no tenía derecho alguno a reclamar el dinero consignado, pues no le pertenece.[4]

La parte recurrida, por su parte, al comparecer reclama falta de jurisdicción, pues alega que el escrito cuya denegatoria fue recurrida, es realmente una tardía oposición a la solicitud de retiro de fondos, así como una morosa reconsideración de la orden concediendo tal remedio. Ciertamente, la solicitud de paralización del retiro de fondos consignados guarda relación con la petición para retirar los fondos consignados. Sin embargo, el alto a los retiros fue atendido por el TPI, quien inclusive ante una reconsideración, concedió término a la recurrida para oponerse. Por lo tanto, habiéndose oportunamente de una determinación judicial, tenemos jurisdicción sobre el recurso de epígrafe.

Entonces, recurriéndose de una determinación sobre procedimientos post-sentencia, estamos facultados, conforme a lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra,* para revisar la determinación recurrida mediante el auto de *certiorari*. Ahora bien, examinado el legajo apelativo, no identificamos presente alguno de los factores que la Regla 40 de nuestro Reglamento enuncia para determinar la expedición del auto discrecional

---

[4] Es preciso destacar que, a pesar de aludir al contenido de los escritos de consignación, la parte recurrida no incluyó como parte de su Apéndice copia de estos escritos. De igual manera, resaltamos que, en los argumentos expuestos a lo largo de la discusión de su señalamiento de error, la parte peticionaria asevera hechos que señala surgen del expediente ante la consideración de la Jueza del Tribunal de Primera Instancia. No obstante, no produjo copia de escrito alguno que nos permita constatar la veracidad de lo que alega. La Regla 34(E)(1) del Reglamento del Tribunal de Apelaciones establece que el Apéndice deberá contener, entre otras, cosas, copia de toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta. La inobservancia de la parte peticionaria en cuanto a esto no es una ligera, pues la mayoría de sus argumentos, sino todos, descansan en el contenido del expediente judicial, sin reproducir documento alguno que pueda constatarlos. El caso de epígrafe comenzó en el 2009, por lo que no es de aquellos que hoy en día están disponibles a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC). Por tanto, el no incluir los documentos aludidos, pudo haber menoscabado nuestra función revisora. No obstante, la parte recurrida al comparecer sí produjo copia de alguno de los documentos del expediente judicial pertinentes al asunto que debemos resolver, los que fueron considerados en nuestra evaluación del recurso.

del *certiorari*. No nos parece que la decisión recurrida sea contraria a derecho, ni que en esta haya mediado prejuicio, parcialidad por parte del TPI, que la expedición del auto evite el fracaso a la justicia, o cualquiera de los otros elementos mencionados por la Regla 40. Al ser ello así, merece nuestro respeto.

**-IV-**

Por todo lo antes consignado, denegamos expedir el auto de *certiorari*. En virtud de ello, dejamos sin efecto la paralización del retiro de los fondos consignados que ordenamos mediante nuestra *Resolución* del 13 de febrero de 2025.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones